UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

**SUMMONS ISSUED**

------------------------------------------------------------

TIFFANY KENCHEN,

PLAINTIFF,

**COMPLAINT**

-AGAINST-

**ECF CASE**

NEW YORK CITY, POLICE OFFICER FRANKLIN
PIERRE-LOUIS AND POLICE OFFICER JOHN DOE,
individually, and in their capacities as members of the New
York City Police Department.

DEFENDANTS.

------------------------------------------------------------

## PRELIMINARY STATEMENT

1.  This is a civil action in which plaintiff, Ms. Tiffany Kenchen ("Ms. Kenchen"), seeks

    relief for the violation of her rights secured by 42 USC 1983, the Fourth and

    Fourteenth Amendments to the United States Constitution.

2.  The claims arise from an incident on or about May 11, 2013, in which officers of the

    New York City Police Department ("NYPD"), acting under color of state law,

    intentionally and willfully subjected Ms. Kenchen to *inter alia* use of excessive force.

3.  Plaintiff seeks monetary damages (special, compensatory and punitive) against

    defendants as well as an award of costs and attorneys' fees, and such other and further

    relief as the Court deems just and proper.

## JURISDICTION

4. This action is brought pursuant to 28 USC 1331, 42 USC 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

5. Venue is laid within the United States District Court for the Eastern District of New York in that the events giving rise to the claim occurred within the boundaries of the Eastern District of New York.

## PARTIES

6. Plaintiff, Ms. Kenchen, is a United States citizen and at all times here relevant resided at 333 Beach 32nd Street, Apartment 7D, Far Rockaway, NY 11691.

7. New York City is a municipal corporation organized under the laws of the State of New York.

8. Police Officer Franklin Pierre-Louis ("PO Pierre-Louis") and Police Officer John Doe ("PO John Doe"), at all times here relevant were members of the NYPD, and are sued in their individual and professional capacities.

9. At all times mentioned, defendants were acting under color of state law, under color of the statues, ordinances, regulations, policies, customs and usages of the City of New York.

## FACTUAL ALLEGATIONS

10. Ms. Kenchen is a 32-year old African American female, and is the mother of three children.

11. On or about May 11, 2013, at approximately 1:00 am, Ms. Kenchen was on her way home when she observed PO Pierre-Louis and PO John Doe breaking up a fight between two women.

12. Ms. Kenchen stopped to ask one of the women if she was ok.

13. Ms. Kenchen was carrying an open can of beer.

14. PO Pierre-Louis ordered Ms. Kenchen not to move.

15. Ms. Kenchen complied with the order.

16. PO Pierre-Louis informed Ms. Kenchen that she was going to be arrested for having an open container of beer.

17. Ms. Kenchen explained to PO Pierre-Louis that she had no criminal record and, given that mother's day was the next day, she asked whether he could give her a summons rather than arresting her.

18. PO Pierre-Louis refused Ms. Kenchen's request and grabbed her arms with extreme force.

19. PO Pierre-Louis threw Ms. Kenchen against his police car.

20. PO Pierre-Louis then repeatedly struck Ms. Kenchen in the leg with his metal ASP.

21. PO John Doe observed PO Pierre-Louis repeatedly hitting Ms. Kenchen.

22. PO John Doe had an opportunity to stop PO Pierre-Louis hitting Ms. Kenchen, but did not intervene in any way.

23. PO Pierre-Louis arrested Ms. Kenchen and transported her to the 101st Precinct for processing.

24. While at the precinct Ms. Kenchen was in severe pain and asked to be taken to the hospital.

25. Ms. Kenchen was transported to the Queens Center Hospital to receive medical treatment to her leg.

26. Ms. Kenchen was then taken to Queens Central Bookings and was arraigned.

27. Ms. Kenchen was charged with *inter alia* possession of an open container of alcohol, and was granted an Adjournment in Contemplation of Dismissal.

28. Mr. Kenchen suffered *inter alia* severe swelling and bruising to her arms and leg, and great pain and discomfort as a result of this incident.

29. Ms. Kenchen continues to feel traumatized by the events of May 11, 2013, and is wary and fearful when she sees police officers. Ms. Kenchen takes efforts to avoid police officers when in public.

30. Ms. Kenchen has suffered a great deal following the incident and continues to feel fear, embarrassment, humiliation, emotional distress, frustration, anxiety and physical pain.

## FIRST CAUSE OF ACTION

### (42 USC 1983 – Excessive Force)

31. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

32. Defendants have deprived plaintiff of her civil, constitutional and statutory rights under color of law and are liable to plaintiff under 42 USC 1983.

33. Defendants have deprived plaintiff of her right to be free of unreasonable searches and seizures, pursuant to the Fourth and Fourteenth Amendments to the United States Constitution, in that defendants used excessive and unreasonable force in effecting the arrest of plaintiff.

34. Plaintiff has been damaged as a result of defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this Court.

## SECOND CAUSE OF ACTION

### (Failure to Intervene)

35. Plaintiff repeats and realleges each of the preceding allegations of this Complaint as if fully set forth herein.

36. Defendant PO Pierre-Louis used excessive force in effecting the arrest of plaintiff.

37. Defendant PO John Doe was aware, or should have been aware, that PO Pierre-Louis was using excessive force in effecting the arrest of plaintiff.

38. Defendant PO John Doe failed to intervene to prevent PO Pierre-Louis from using excessive force in effecting the arrest of plaintiff.

39. Defendant PO John Doe had sufficient time to intercede and had the capability to prevent PO Pierre-Louis from using excessive force in effecting the arrest of plaintiff.

40. Plaintiff has been damaged a result of Defendants' actions in an amount believed to equal or exceed the jurisdictional limit of this court.

## JURY DEMAND

41. Plaintiff demands a trial by jury.

WHEREFORE, plaintiff respectfully requests that the court enter a Judgment against defendants together with costs and disbursements as follows:

In favor of plaintiff in an amount to be determined by a jury, but at least equal to or exceeding the jurisdictional limit of this Court for each of plaintiff's causes of action;

Awarding plaintiff punitive damages in an amount to be determined by a jury;

Awarding plaintiff reasonable attorneys' fees, costs and disbursements of this action;

And such other and further relief as the Court deems just and proper.

Dated:     New York, New York
           August 1, 2013

                                      By:    _____
                                             Duncan Peterson (DP 7367)

                                             PetersonDelleCave LLP
                                             Attorney for Plaintiff
                                             233 Broadway, Suite 1800
                                             New York, NY 10279
                                             (212) 240-9075

6